UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL SANDERS,

    Plaintiff,

v.

N.J. STATE PAROLE BOARD, et al.,

    Defendants.

Civil Action No. 18-5570 (MAS) (LHG)

**MEMORANDUM AND ORDER**

Plaintiff Michael Sanders, a parolee currently confined at the Central Reception and Assignment Facility in Trenton, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court previously denied Plaintiff's first IFP application because it did not contain a certified prison account statement as required by federal law. (Order, Apr. 16, 2018, ECF No. 2.) Presently before the Court is Plaintiff's second IFP application.

Although Plaintiff includes a prison account statement with his second IFP application, the account statement does not satisfy the requirements under federal law. To begin, the account statement was not certified by an authorized prison official. *See* 28 U.S.C. § 1915(a)(2). Moreover, the account statement was for the period between March 10, 2018 and April 13, 2018, while federal law requires an account statement that covers the six-month period immediately preceding the filing of the Complaint. *Id.* Plaintiff alleges that he has only been incarcerated since February 25, 2018, (ECF No. 3 at 1), but his account statement does not even include his entire alleged period of incarceration. The application, therefore, does not satisfy federal law.[1]

---

[1] Plaintiff makes reference to having to pay only 20% of the filing fee up front. (ECF No. 3 at 1.) Prisoners, however, are allowed to be, in effect, placed on a payment plan for the filing fee only

IT IS on this 2nd day of May, 2018,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) is hereby **DENIED WITHOUT PREJUDICE**;

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs[.]");

**ORDERED** that the Clerk shall send Plaintiff the form entitled Affidavit of Poverty and Account Certification (Civil Rights)(DNJ ProSe 007 A(Rev. 5/13)) to be used by Plaintiff in any future application to proceed *in forma pauperis*;

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing, within thirty (30) days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application; or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee;

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

---

*after* the Court has granted them IFP status. See 28 U.S.C. § 1915(b). Because the Court has yet to grant Plaintiff IFP status in the instant matter, Plaintiff is still required to pay the full filing fee before the case can proceed.

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular mail.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

3