NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SANDERS, | Civil Action No. 18-5570 (MAS) (LHG) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| N.J. STATE PAROLE BOARD, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon *pro se* Plaintiff Michael Sanders's ("Plaintiff") Motion for a Temporary Restraining Order and/or Injunction ("Motion") against the New Jersey State Parole Board.[1] (Mot., ECF No. 14.) The Court has reviewed Plaintiff's arguments and, for the reasons expressed below, denies the Motion.

**I.    BACKGROUND**

Plaintiff filed a Complaint asserting claims pursuant to 42 U.S.C. § 1983. (Compl., Apr. 5, 2018, ECF No. 1.) On May 2, 2018, the Court denied without prejudice Plaintiff's application to proceed *in forma pauperis* ("IFP"). (ECF No. 4.) Plaintiff filed a new IFP application on August 6, 2018. On August 13, 2018, the Court reopened the case, granted Plaintiff's IFP application, and indicated that summons would not issue as the Court's *sua sponte* screening had not been completed. (ECF No. 8.) On August 13, 2018, Plaintiff filed a motion for a temporary restraining

---

[1] While Plaintiff writes that he seeks relief from New Jersey Parole, the Court will construe him to be seeking relief from the New Jersey State Parole Board, one of the named Defendants in this action.

order. (ECF No. 9.) The Court subsequently screened and dismissed the Complaint for failure to state a claim for relief. (Op., Sept. 19, 2018, ECF No. 11.) The Court also denied Plaintiff's motion for a temporary restraining order. (*Id.*) Plaintiff failed to file an amended complaint. Rather, on October 24, 2018, Plaintiff filed the instant Motion. (ECF No. 14.)

Underlying Plaintiff's Motion is the special statutory sentencing scheme that applies to certain sex offenders in New Jersey. Pursuant to N.J. Stat. Ann. § 2C:43-6.4(a), a criminal court sentencing any offender convicted of certain sexual offenses shall sentence the criminal defendant to "a special sentence of parole supervision for life." A sentence of parole supervision for life ("PSL") commences "immediately upon the defendant's release from incarceration." N.J. Stat. Ann. § 2C:43-6.4(b).

Plaintiff asserts that as a parolee subject to the provisions of PSL, he is required to give a urine sample to his parole officer, which is used to determine whether he has ingested drugs or alcohol. (Mot. ¶ 8.) If he is found to have drugs or alcohol in his system, it is a crime of the fourth degree with a term punishable of up to eighteen months in prison. (*Id.*) Plaintiff asserts that he refused to provide a urine sample, and, instead, invoked his right against self-incrimination. (*Id.* ¶¶ 8-9.) As a result, he was arrested, and returned to prison for committing a fourth degree crime. (*Id.* ¶¶ 9-10.) Plaintiff requests the Court to order his immediate release and to prevent the New Jersey State Parole Board from violating his constitutional rights, insofar as he was not afforded due process protections before being returned to prison. (*Id.* ¶¶ 10-13.)

II. **DISCUSSION**

"The Supreme Court [has] held that [a] temporary restraining order should be treated as a preliminary injunction." *Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). Because the grant of injunctive relief is "an extraordinary remedy[,]" a temporary

2

restraining order "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). A request for injunctive relief in the prison context must be "viewed with considerable caution." *Rush v. Corr. Med. Servs., Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008). "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc.*, 369 F.3d at 708 (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)). "A Court will consider all four factors, but the first two are essential." *Leddy v. N. Valley Reg'l High Sch. Dist.*, No. 17-5245, 2017 WL 3923291, at *7 (D.N.J. Sept. 6, 2017).

With respect to the first prong, the Court previously screened Plaintiff's Complaint and dismissed the claims against the New Jersey State Parole Board with prejudice. The Court explained that because the New Jersey State Parole Board is not a "person" within the meaning of 42 U.S.C. § 1983, it is not subject to liability. (*See* Op. 4 (citing *Madden v. N.J. State Parole Bd.*, 438 F.2d 1189, 1190 (3d Cir. 1971)). The Court also found that the Complaint did not present sufficient facts with respect to any named Defendant to state a claim for relief. (*See generally* Op.) Plaintiff's Motion provides significantly greater context and factual background regarding the underlying allegations. Nevertheless, without an amended complaint setting forth, at the very least, a plausible claim for relief against at least one lawful defendant, the Motion fails under the first prong outlined above. Rather than relying on the instant Motion to provide the Court with the factual background of his Complaint, Plaintiff must, instead, provide the Court with an amended complaint laying out all the relevant facts, defendants, and claims for relief. The Court can then appropriately determine the merits of Plaintiff's overall allegations. The Court, accordingly, finds

Plaintiff fails to demonstrate that he is entitled to a temporary restraining order or preliminary injunction.

### III.  CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for a Temporary Restraining Order and/or Injunction. (ECF No. 14.) The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: April 9, 2019