UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SANDERS, | Civil Action No. 18-5570 (MAS) (LHG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| N.J. STATE PAROLE BOARD, et al., | |
| Defendants. | |

**SHIPP, District Judge**

Pro se Plaintiff Michael Sanders has filed an Amended Complaint asserting claims pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 19.) The Court will now review the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. Additionally pending before the Court is Plaintiff's third Motion for a Temporary Restraining Order ("Motion") against the New Jersey State Parole Board ("Parole Board"). (Mot., Apr. 22, 2019, ECF No. 20.) For the reasons set forth below, the Court will dismiss Plaintiff's claims against the Parole Board with prejudice and deny the Motion.

I. **BACKGROUND**

On or about April 5, 2018, Plaintiff filed a Complaint asserting claims pursuant to 42 U.S.C. § 1983 against the Parole Board and several individually named defendants. (Compl., ECF No. 1.) This Court screened the Complaint, dismissed the claims against the individual defendants without prejudice for failure to state a claim upon which relief may be granted, and dismissed the claims against the Parole Board with prejudice as it is not amenable to suit under § 1983. (Op. 3–

7, Sept. 19, 2018, ECF No. 11.) In the same Opinion, the Court denied Plaintiff's first Motion for Temporary Restraining Order or Preliminary Injunction. (*See id.* at 7; Mot., Aug. 13, 2018, ECF No. 9.)

On or about October 24, 2018, Plaintiff filed a second Motion for Temporary Restraining Order and/or Injunction ("Second Motion"). (Mot., Oct. 24, 2018, ECF No. 14.) This Court denied Plaintiff's motion without prejudice as Plaintiff could not demonstrate a likelihood of success on the merits. (Op. 2–4, Apr. 9, 2019, ECF No. 17.) The Court advised Plaintiff that in order for the Court to appropriately determine the merits of Plaintiff's allegations, Plaintiff needed to provide an amended complaint "laying out all the relevant facts, defendants, and claims for relief." (*Id.* at 3.)

On or about April 22, 2018, Plaintiff filed the Amended Complaint, in which he asserts claims against the Parole Board for false imprisonment and violation of his due process rights. (Am. Compl. 2–3, ECF No. 19.) According to Amended Complaint, Plaintiff was sentenced to a 14-month term of imprisonment for a violation of his Parole Supervision for Life ("PSL"). (*See id.* at 3.) Plaintiff appears to assert that the proper procedures were not followed in imposing this sentence and further alleges that the Parole Board "found [him] guilty of a crime" that was unsupported by evidence. (*Id.*)

On the same day he filed the Amended Complaint, Plaintiff filed a third Motion for a Temporary Restraining Order against the Parole Board. (Mot., Apr. 22, 2019, ECF No. 20.) The Motion is devoid of any supporting factual allegations or legal argument. (*See id.*)

II. **DISCUSSION**

a. **The Amended Complaint**

The only defendant named in the Amended Complaint is the Parole Board. In this Court's

2

prior screening opinion, Plaintiff's claims against the Parole Board were dismissed with prejudice because the Parole Board is not a person within the meaning of § 1983 and is thus not subject to liability. (*See* Op. 4, Sept. 19, 2018 (citing *Madden v. N.J. State Parole Bd.*, 438 F.2d 1189, 1190 (3d Cir. 1971)). Plaintiff, therefore, cannot proceed with any claim against the Parole Board. The Court will once again dismiss Plaintiff's claims against the Parole Board with prejudice.

### b. Motion for Temporary Restraining Order

The Court will also deny Plaintiff's Motion for a Temporary Restraining Order against the Parole Board. The standard for granting a temporary restraining order is the same as that for a preliminary injunction. *Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). Accordingly, a party seeking a temporary restraining order "must show: (1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Allegheny Energym Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)). "A Court will consider all four factors, but the first two are essential." *Leddy v. N. Valley Reg'l High Sch. Dist.*, No. 17-5245, 2017 WL 3923291, at *7 (D.N.J. Sept. 6, 2017). Plaintiff's Motion fails on the first prong. Plaintiff has provided this Court with no facts on which it could find a likelihood of success on the merits. As this Court has noted, the Parole Board is not a "person" under § 1983 and therefore is not subject to liability. (*See* Op. 4, Sept. 19, 2018.) The Court cannot determine the merits of Plaintiff's overall allegations because he has failed to present any plausible claim for relief against a lawful defendant. Accordingly, the Motion is denied as Plaintiff has failed to demonstrate he is entitled to a temporary restraining order.

3

## III. CONCLUSION

For the reasons set forth above, the Court dismisses with prejudice Plaintiff's claims against the Parole Board, as set forth in the Amended Complaint, and denies Plaintiff's Motion for a Temporary Restraining Order. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 10/7/19